### R. L. "BOB" HASH v. THE STATE.

No. 21122. Delivered May 8, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Ralph P. Dickson* and *Arthur Tipps,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is rape. The indictment embraced a paragraph alleging a former conviction for rape. In view of the repetition of offenses, the punishment assessed was confinement in the penitentiary for life.

Appellant contends that the evidence is insufficient to show penetration. Mabelle Davis, the prosecutrix, was 13 years of age. Appellant is an elderly man. According to the testimony of prosecutrix, she frequently went to the place where appellant lived. Appellant bought her candy, gave her money, and also bought her bicycles. Appellant began having sexual relations with her. In her direct-examination prosecutrix testified that appellant penetrated her female organ with his penis. On cross-examination it was her version that on the occasions she was with appellant he indecently fondled her person. She said, however, that he did not penetrate her female organ. Upon redirect-examination she testified: "I said that Mr. Hash got on me and put his privates in my privates between my legs. That is not what he did. * * * As to what he did he just fondled around. I know what doing it to you means. He has done it to me. I do not like to talk about this. * * * He got on top of me and put his privates in my privates. That is what I said a while ago.

I change that because I am telling you because I don't know what happened myself." Further, she testified: "The testimony that I gave first when I said that he had intercourse with me is true. * * * That is the thing that he did all along that I testified to before when I said that he had intercourse with me." On recross-examination prosecutrix maintained that appellant penetrated her female organ.

According to the testimony of Charlie Wilson, a member of the police department of Wichita Falls, he went to the place where appellant worked on the 14th of July, 1939. After watching for a while he observed appellant and prosecutrix coming out of the engine room of the Wichita Cotton Oil Company. After they came out they went to the end of a seed house, unlocked the door and got a bicycle out of it. After the bicycle had been taken out the officer took appellant and prosecutrix into custody. Looking into the seed house, the officer observed an old mattress and a bedstead.

After being taken to the police station appellant made a confession, which, omitting the formal parts, reads as follows: "I work for the Wichita Cotton Oil Co. and have worked for them about 14 years, except when I was in the penitentiary for 5 years for rape in 1932 here in Wichita County, Texas. I know Maybelle Davis and also Gladys Ray, and have known them for about 4 years. I started having intercourse with Maybelle about three or four months ago and have been having intercourse with her two or three times each week since. Sometimes I would have intercourse with her at my house and sometimes she would come down to the mill where I work. I would have intercourse with her at the mill out at a little house across the street against the hull house; we use it to keep some tools in now. The last time I had intercourse with Maybelle was to-day; she came down to the mill with another girl named Genevie Hanks. She came down on her bicycle and the other girl was on a bicycle. The other girl left and me and Maybelle went into the engine room and got a drink. I had already had intercourse with her before we got the drink. When she came I had just finished making my rounds, I am a watchman there at the mill, and she waited for me there in the office. Then I rolled her bicycle in the seed house and then she and myself went across the street to the little house and I had intercourse with her on the bed that is in there. She consented to this and has consented every time I have had intercourse with her since I started some two or three or four months ago. Gladys Ray said she was going to tell on me if I didn't buy her

a bicycle like I had bought Maybelle. (Portion stricken). I have, in addition to giving Maybelle the bicycle that cost $41.00, given her money also for spending or going to the show. (Portion stricken.) I would judge that Maybelle is about 13 or 14 years old."

Testifying in his own behalf, appellant denied that he had sexual intercourse with prosecutrix. It was his version that he was only guilty of indecently fondling her person during the time he had been associated with her.

We deem the evidence sufficient on the question of penetration.

In bill of exception No. 1 it is shown that in argument counsel for the State referred to appellant as a fiend and a depraved sexual maniac. If the argument was improper, we are not impressed with the view that, under the circumstances reflected by the record, that it should work a reversal of the judgment.

We think it was proper for the State to prove the course of conduct between appellant and prosecutrix. Therefore we overrule appellant's contention that his bill of exception No. 2, in which it is shown that the prosecutrix was required to testify that appellant had hugged and kissed her and fondled her person and had intercourse with her, reflects error.

Bill of exception No. 3 is in the same attitude as bill of exception No. 2.

In view of the fact that appellant testified that he had intercourse with a young girl prior to the present conviction, we are unable to reach the conclusion that the argument set forth in bill of exception No. 4 to the effect that appellant got a little girl pregnant in 1932 should work a reversal of the judgment, in view of the instruction of the court to the jury to disregard the argument for any purpose. We do not believe the argument could have contributed to the conviction of appellant in this case. Having found appellant guilty of the charge in the present case and also having found that he had been previously convicted of rape as charged in the indictment, the minimum penalty the jury were warranted in assessing was confinement in the penitentiary for life.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, asserts that in disposing of this case on the original submission we erred in three respects: First, in holding that the evidence is sufficient to show penetration; second, that the trial court did not err in declining to strike from the indictment the allegation of his former conviction of rape; and third, that there was no variance between the allegation in the indictment of his former conviction and the proof in support thereof. By reason of appellant's contention, we have again carefully reviewed the record and considered each of his propositions. We find no such variance as would justify a reversal, and the evidence, including his confession, is ample to sustain his conviction.

The motion for a rehearing is overruled.

The foregoing opinion of the commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.