**Herman JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38407.**

Court of Criminal Appeals of Texas.

June 26, 1965.

Paul P. Regnier (Court appointed), Clayton L. Phillips, Jr., (Court appointed), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and Neil McKay, Asst. Dist. Attys., Houston and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for statutory rape; the punishment, fifteen years.

The state relies for a conviction upon the testimony of the prosecutrix, age thirteen, and her mother and also upon the medical records of the hospital where the prosecutrix was examined.

To constitute the offense of rape it was essential that the proof show penetration, beyond a reasonable doubt. Art. 1187, Vernon's Ann.P.C.; 4 Branch's 2d 300, Sec. 1977.

In support of this essential element of the offense, the testimony of the prosecutrix was as follows:

"A  *  *  *  he got in the bed and then forced himself, his privates.

"Q  Say that again?  A  He tried to force his privates into me.

"Q.  Did he say anything to you?  A  He told me if I didn't open my legs he was going to kill me.

"Q  Were you afraid of him?  A  Yes, sir.

\*     \*     \*     \*     \*     \*

"Q  Tell us again what he did with his private parts, if anything.  A  He forced his private parts in the front of me, then he tried the back, my rectum.

\*  \*  \*"

The mother testified that as she entered her home after an absence of several hours she met the appellant at the door as he was leaving. She further testified that at this time:

"A  She [prosecutrix] said: 'He [appellant] said if you tell anybody he would kill her and I was frightened and he had pulled her panties off and said he didn't do *nothing* but  *  *  *  and she said when he removed the handkerchief and kissed her and made her open her legs and tried to force his way in and if he couldn't force his way in front he would like to force his way in her rectum."

The proof shows that the physician who examined the prosecutrix at the hospital had moved to and was living in another state at the time of the trial.

The hospital records pertaining to the examination of the prosecutrix were introduced in evidence. Assuming that they were properly admitted, they reveal abrasions and lacerations of her private parts but do not show penetration required by law to constitute the offense of rape.

Testifying in his own behalf, the appellant denied that he committed the alleged rape and called several witnesses in support of his testimony that he was at another place at the time in question and could not have committed the offense.

As shown above, the evidence is insufficient to support the conviction for rape.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.