Ralph Herrera **LUNA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 49083.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of the offense of rape. Punishment was assessed by the jury at five years' confinement.

Appellant questions the sufficiency of the evidence to support two of the elements of the offense of rape. Those two elements are penetration and force. Therefore, a review of the facts is necessary.

The record reflects that on August 4, 1973, the prosecutrix called the police and complained that she had been assaulted. A police officer accompanied her to an area near the Rio Grande Canal known as the Levee Road of El Paso, the scene of the alleged crime. Two men were attempting to get a truck that was stuck back onto the road. The prosecutrix identified one of the two men as her assailant. The officer then took her to a friend's home where she told the friend the circumstances of the assault. The friend informed the police officer that the prosecutrix had been raped. The friend described the prosecutrix as "frightened and in shock."

The prosecutrix testified that earlier that day she had been waiting for a bus. The appellant offered her a ride and then "pulled" her inside his truck.[1] Thereafter, the truck appellant was driving became stuck by Levee Road near the Rio Grande Canal. The prosecutrix testified that the appellant hit her. Then, the appellant pushed her out of the driver's side of the truck. She started running but the appellant caught her and "jumped on her back." The prosecutrix testified that the appellant was hitting her and she scratched his face. She said to the appellant, "Let me go," to which he responded "Shut up or I will kill you." Then she "fainted or passed out" in some tumbleweeds. The last thing she remembered was the appellant choking her. When she awoke, her pants were down. She cleaned herself with Kleenex which she discarded.

Photographs were admitted into evidence which had been taken when the police officers arrived at the scene of the crime showing that the prosecutrix was covered with sand and had various cuts, scratches and bruises which appeared to be fresh. At the scene, the police found two sets of footprints which appeared to have been made by people running. Also found were packed-down tumbleweeds, a small piggy bank with the initials "A.S." on it, and used Kleenex tissues. The prosecutrix identified the piggy bank as hers and explained that it must have fallen out of her purse. She testified that she had not been with any other men or boys.

She was taken by the police to a hospital where a forensic pathologist examined her and found intact sperm in her vaginal vault. The physician testified that she had

---

1. The record is unclear as to whether force was used by the appellant to get the prosecutrix into his truck.

recently had sexual intercourse. The physician testified the intercourse had occurred within a period of twelve hours prior to the examination and that the condition of the sperm was consistent with sperm which could have been present for a period of two to four hours.

Appellant's first ground of error complains that the evidence is insufficient to sustain a conviction for rape since the element of penetration was not proved either directly or circumstantially. The principles of proving penetration by circumstantial evidence were carefully considered and succinctly stated in Nilsson v. State, 477 S.W.2d 592 at 595–597:

"Proof necessary to show carnal knowledge under Article 1187, Vernon's Ann.P.C., is that: 'Penetration only is necessary to be proved on a trial for rape.' While proof of the slightest penetration is sufficient, this element of the offense must be proved beyond a reasonable doubt, e. g., Johnson v. State, Tex. Cr.App., 449 S.W.2d 65; Hash v. State, 139 Tex.Cr.R. 532, 141 S.W.2d 345; Watkins v. State, 78 Tex.Cr.R. 65, 180 S.W. 116; Baldwin v. State, 15 Tex; App. 275; Davis v. State, 43 Tex. 189.

"Penetration may be proved by circumstantial evidence. e. g. Preston v. State, 157 Tex.Cr.R. 228, 242 S.W.2d 436; Vasquez v. State, 145 Tex.Cr.R. 376, 167 S.W.2d 1030; Word v. State, 12 Tex.App. 174. Where circumstantial evidence forms the basis for the conviction, the state must disprove every outstanding reasonable hypothesis except for the guilt of the accused for the evidence to be sufficient to support the conviction. See, Preston v. State, supra; Lozano v. State, 154 Tex.Cr.R. 229, 226 S.W.2d 118. There is no requirement that the prosecutrix be able to testify as to penetration.

" 'It would be a monstrous doctrine that villians who had rendered their victims insensible in order to effect their purposes should be freed from punishment because the victim could not swear positively to the act of penetration accomplished upon her during her state of insensibility.' Word v. State, supra, 12 Tex.App. at 183.

"· · ·

"An outstanding hypothesis, to be reasonable, must be raised by the evidence. Compare Jones v. State, Tex.Cr.App., 392 S.W.2d 129, with Preston v. State, supra. · · ·"

■ Appellant argues that *Nilsson* is readily distinguishable from the present case because there is no testimony as to injuries to the prosecutrix, no testimony that might be construed as penetration and no evidence that the prosecutrix even knew what constituted penetration. We do not agree. In *Nilsson,* the sperm test was inconclusive. In that case the defendant made a statement implying the fact that penetration was achieved, which was corroborated by sufficient other evidence. The examining physician's uncontroverted testimony in the instant case is that sperm was present in the prosecutrix's vaginal vault and that she had engaged in recent sexual intercourse. This evidence alone establishes the fact of penetration.

■ The sole remaining question is whether the appellant was the person who accomplished the penetration. The prosecutrix's testimony that she had been with no other men or boys and the other facts and circumstances of this case raise no other hypothesis. Here, the *only* reasonable hypothesis raised by the evidence is that penetration was performed by the appellant on the prosecutrix.

Appellant's second ground of error complains that the evidence is insufficient to sustain a conviction of "rape by force" without the consent of the prosecutrix. The record is clear that the prosecutrix was unconscious at the time of actual penetration. It is therefore virtually inconceivable that she could have given consent while in an unconscious state.

The prosecutrix testified that she scratched the appellant and that he pushed, hit, threatened and choked her just before she fainted. The testimony and photographs show fresh bruises and scratches on the prosecutrix. The force used by the appellant coupled with his threat to kill the prosecutrix and her resistance while conscious were sufficient evidence to demonstrate rape by force.

Finding no reversible error, the judgment is affirmed.