John Wayne LITTLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 56629.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 29, 1978.

Pepos S. Dounson, San Antonio, for appellant.

Bill M. White, Dist. Atty., E. Dick Ryman, Don Clowe, and Bennie F. Steinhauser, Jr., Asst. Dist. Attys., San Antonio, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction of aggravated rape. The punishment was assessed by the court at eighteen (18) years' confinement in the Department of Corrections.

In two grounds of error, appellant claims that the evidence was insufficient to sustain the conviction and that the trial court erred in its charge to the jury. The record reflects that shortly after midnight on July 15, 1976, the prosecutrix was returning home from a discotheque when she experienced a flat tire on her automobile while driving on I.H. 10 in San Antonio. She testified that she pulled the car over to the side of the highway and got out to wait for someone to stop and help. After waiting some fifteen to twenty minutes, she observed a car pull off and drive back to where she was waiting. A man later identified as the appellant got out of the car and asked her if she needed assistance. When it was discovered that her spare tire was also flat, appellant offered to take her to get it fixed. Upon deciding that no service station would be able to repair the tire at such a late hour, the prosecutrix agreed to go with the appellant to a place where he said he could get some air for the tire. After first stopping at the prosecutrix's home so that she could change clothes, the record reflects that they drove to a small airport where the appellant said he was a member of a sky-diving club.

The prosecutrix testified that the appellant was going to use an air pump supposedly located at this airport in repairing her tire. Appellant told the prosecutrix that the pump was located in a building to which they would have to walk because of the muddy condition of the road. The prosecutrix testified that as they walked in the direction of the supposed building the appellant was helping her and "talking nice" to her. The evidence reveals that the prosecutrix suddenly felt something strike her head and she lost consciousness. When she regained consciousness, the appellant was on top of her engaged in the act of intercourse. The prosecutrix testified that when she asked the appellant what he was doing he twice told her to shut her mouth or he would kill her. At this point the record reflects that the prosecutrix again lost consciousness.

The medical evidence introduced by the State revealed that the prosecutrix suffered severe bruises on the left side of her face, cuts in and around her mouth, her nose and left ear, several broken teeth and a broken jaw. The prosecutrix was unable to testify as to what the appellant used when he hit her.

■ Appellant claims that the evidence is insufficient to support a finding that the rape was perpetrated by threat of serious bodily injury and death to be imminently inflicted. The definition of rape in V.T. C.A., Penal Code, § 21.02, reads in pertinent part as follows:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances . . . ."

Aggravated rape is defined in V.T.C.A., Penal Code, § 21.03, as follows:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

"(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

"(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

"(b) An offense under this section is a felony of the first degree."

Presented with facts almost identical to those in the instant case, this court in *Luna v. State*, 515 S.W.2d 271 (Tex.Cr.App.1974), held as follows:

. . . The record is clear that the prosecutrix was unconscious at the time of actual penetration. It is therefore virtually inconceivable that she could have given consent while in an unconscious state

"The prosecutrix testified that she scratched the appellant and that he pushed, hit, threatened and choked her just before she fainted. The testimony and photographs show fresh bruises and scratches on the prosecutrix. The force used by the appellant coupled with his threat to kill the prosecutrix and her resistance while conscious were sufficient evidence to demonstrate rape by force." 515 S.W.2d at 273–274.

Although the *Luna* case was decided under the old Penal Code the reasoning is still applicable to the facts in the instant case. Here, the appellant struck the prosecutrix in such a manner as to break her jaw and cause her to lose consciousness. When she did regain consciousness, he threatened her life. We conclude that the State clearly met its burden of proof under the statute.

■ Appellant also urges reversal on the ground that the trial court erred in its definition of serious bodily injury when charging the jury. The trial court's charge reads in pertinent part as follows:

"The term 'serious bodily injury' means physical pain, illness, or any impairment of physical condition that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

"Bodily injury" is defined in V.T.C.A., Penal Code, § 1.07(a)(7), as follows:

" 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

The term "serious bodily injury" is defined in V.T.C.A., Penal Code, § 1.07(a)(34), as:

" 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

It is obvious that the trial court merely substituted the *definition* of "bodily injury" for the *term* "bodily injury" which is expressly included in the statutory definition of "serious bodily injury." This is clearly not error. It is in fact a coherent and concise definition by which the jury could only have found that the appellant threatened "bodily injury" which amounted to "serious bodily injury" before rendering a judgment that the appellant committed aggravated rape. This ground of error is therefore overruled.

The judgment is affirmed.