NO. 07-06-0472-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 25, 2007


______________________________



TOMMY PARKER, 



 Appellant


v.



RON MCLAURIN, JESSE MENDEZ, and VILSEN SALINAS, 



 Appellees

_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-508,867; HON. RUBEN REYES, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Tommy Parker (Parker) appeals from orders granting summary judgment in favor
of appellees Ron McLaurin, Jesse Mendez, and Vilsen Salinas (collectively referred to as
the appellees) and adjudicating him to be a vexatious litigant. His two issues concern the
decision to deny his motion to strike the summary judgment evidence of appellees, and 2)
declare him a vexatious litigant. We overrule the issues.

 The proceeding arises from another of Parker's numerous suits (since the 1990's)
against one or more of the appellees. The latter sought to dispose of this one via summary
judgment alleging grounds of res judicata, collateral estoppel, and limitations. And, though
Parker included a lengthy recitation of facts in his brief, he did not attack any of the
aforementioned summary judgment grounds. Nor did he explain why the trial court erred
in refusing to strike the appellees' summary judgment evidence or in designating him a
vexatious litigant. 

 One appealing a summary judgment has the burden to negate all grounds upon
which summary judgment could be based, which grounds at bar included that of being a
vexatious litigant. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex.
1993); Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.-Houston [14th Dist.] 1998, no
pet.). Since Parker did not satisfy his burden, we have no basis on which to reverse the
judgment. 

 Accordingly, we overrule the issues and affirm the summary judgment.


 Brian Quinn 

 Chief Justice

 



QFormat="true" Name="heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0384-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
8, 2011

 



 

RONALD LAWSON FRANS, II,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 84TH DISTRICT
COURT OF HUTCHINSON COUNTY;

 

NO. 10,249; HONORABLE WILLIAM D.
SMITH, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

            Appellant,
Ronald Lawson Frans II, appeals his two convictions for aggravated sexual
assault of a child and his two convictions for indecency with a child.  Through his first several issues, he contends
that the State failed to prove he penetrated the childs sexual organ as
alleged in the indictment.  His last two
issues concern the accuracy of the sentence memorialized in the written
judgment; that is, it purports to levy fines for each conviction though such
fines went unmentioned when sentence was orally pronounced in open court.  We affirm the judgment as modified.  

            Regarding
whether the State proved appellant penetrated his victims sexual organ,
appellant admitted to rubbing the childs clitoris.  The clitoris lies within or under the upper
portions of the labia.  Thus, rubbing it
involved some measure of penetration through the external folds of the labia into
the vaginal cavity.  And, because it did,
the record contained some evidence upon which a rational jury could deduce,
beyond resonable doubt, that appellant penetrated the childs sexual organ.  See
Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (noting that evidence
of the slightest penetration is sufficient to uphold a conviction, so long as
it has been shown beyond a reasonable doubt); see also Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992)
(stating that mere contact with the outside of an object does not amount to a
penetration of it, but the pushing aside and reaching beneath a natural fold of
skin into an area of the body not usually exposed to view, even in nakedness,
is a significant intrusion beyond mere external contact and sufficient to
constitute penetration).  

            As for the
allegation concerning the variance between the sentence as pronounced in open
court and expressed in the written judgment, the record discloses such a
difference.  The trial court orally pronounced
the assessment of a $10,000 fine viz Count
I but failed to mention a fine when orally sentencing appellant on the
remaining three counts.  Furthermore, the
State agreed that this occurred and that it constituted error.  

            A
defendant's sentence must be pronounced orally in his presence.  Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a conflict between the oral
pronouncement and the written sentence appearing in the judgment, the former controls.  Id.
  Therefore, we modify the judgment to
remove reference to the imposition of $10,000 fines as part of the sentences
relating to appellants convictions under counts two, three and four of the
indictment.  

            The trial courts judgment is
affirmed as modified.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not publish.

 

             

 











[1]John T. Boyd, Senior Justice, sitting by assignment.