NO. 07-10-0384-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
8, 2011

 



 

RONALD LAWSON FRANS, II,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 84TH DISTRICT
COURT OF HUTCHINSON COUNTY;

 

NO. 10,249; HONORABLE WILLIAM D.
SMITH, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

            Appellant,
Ronald Lawson Frans II, appeals his two convictions for aggravated sexual
assault of a child and his two convictions for indecency with a child.  Through his first several issues, he contends
that the State failed to prove he penetrated the child’s sexual organ as
alleged in the indictment.  His last two
issues concern the accuracy of the sentence memorialized in the written
judgment; that is, it purports to levy fines for each conviction though such
fines went unmentioned when sentence was orally pronounced in open court.  We affirm the judgment as modified.  

            Regarding
whether the State proved appellant penetrated his victim’s sexual organ,
appellant admitted to rubbing the child’s clitoris.  The clitoris lies within or under the upper
portions of the labia.  Thus, rubbing it
involved some measure of penetration through the external folds of the labia into
the vaginal cavity.  And, because it did,
the record contained some evidence upon which a rational jury could deduce,
beyond resonable doubt, that appellant penetrated the child’s sexual organ.  See
Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (noting that evidence
of the slightest penetration is sufficient to uphold a conviction, so long as
it has been shown beyond a reasonable doubt); see also Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992)
(stating that mere contact with the outside of an object does not amount to a
penetration of it, but the pushing aside and reaching beneath a natural fold of
skin into an area of the body not usually exposed to view, even in nakedness,
is a significant intrusion beyond mere external contact and sufficient to
constitute penetration).  

            As for the
allegation concerning the variance between the sentence as pronounced in open
court and expressed in the written judgment, the record discloses such a
difference.  The trial court orally pronounced
the assessment of a $10,000 fine viz Count
I but failed to mention a fine when orally sentencing appellant on the
remaining three counts.  Furthermore, the
State agreed that this occurred and that it constituted error.  

            A
defendant's sentence must be pronounced orally in his presence.  Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a conflict between the oral
pronouncement and the written sentence appearing in the judgment, the former controls.  Id.
  Therefore, we modify the judgment to
remove reference to the imposition of $10,000 fines as part of the sentences
relating to appellant’s convictions under counts two, three and four of the
indictment.  

            The trial court’s judgment is
affirmed as modified.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not publish.

 

             

 











[1]John T. Boyd, Senior Justice, sitting by assignment.