# NO. 12-15-00291-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL LEE REED,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Daniel Lee Reed appeals from his conviction for aggravated sexual assault of a child. In three issues, Appellant challenges the legal sufficiency of the evidence to support his conviction, the denial of his motion for directed verdict, and the denial of his request for inclusion of a lesser-included offense instruction in the jury charge. We affirm.

## BACKGROUND

The State charged Appellant with intentionally and knowingly causing the contact and penetration of the female sexual organ of C.C., a child under the age of six years, by his sexual organ. C.C., Appellant's granddaughter, was four years old at the time of the offense. She lived next door to Appellant, who often babysat C.C. and her brother.

In March 2013, C.C. made an outcry against her stepfather, which led to an additional outcry against Appellant. Robert, Appellant's brother, Patricia, Robert's wife and Appellant's ex-wife, and Appellant all testified that C.C. acted out sexually. C.C.'s mother testified that C.C. was advanced for her age regarding sexual matters, which she admitted could be a result of C.C.'s having seen pornography and witnessed her parents engaging in sexual acts. She testified that C.C. always wanted to be with Appellant, who was her "best friend," and she never felt concerned about C.C.'s being with Appellant. Patricia testified that, because of her close

relationship with C.C., she thought C.C. would have disclosed any abuse to her, but C.C. never did. She never had concerns about Appellant's being around either C.C. or C.C.'s mother when she was a child.

C.C. told both Linda Kimberly, her foster parent, and Camella Jones, her counselor, that she was sexually abused by Appellant. C.C. told both women that she did not previously disclose the abuse because she did not want Appellant to go to jail. Kimberly testified that C.C. was placed in mental facilities on two occasions because of volatile behavior. Jones testified that she observed C.C. acting out sexually, and she agreed that C.C. is sexually mature beyond her age. She knew about the sexual activities to which C.C. had been exposed, but she testified that C.C.'s behavior was indicative of having experienced something more than merely observing.

Dr. Donald Winstead III, a licensed psychologist, testified that C.C. suffers from posttraumatic stress disorder and antisocial behavior. He made a provisional diagnosis of schizoaffective disorder. Winstead opined that C.C.'s symptoms were consistent with having been sexually abused. He testified that it would be difficult for a child of C.C.'s age to always be able to distinguish between what one person did and what another person did. Rebecca Cunio, a forensic interviewer for the Children's Advocacy Center, testified that C.C. was difficult to interview. She explained that preschoolers typically provide limited information and have short attention spans. In the first interview, which Cunio reviewed, C.C. told the interviewer about her stepfather's conduct. The interviewer did not ask if anyone else had abused C.C. During Cunio's interview, C.C. told Cunio that she had been abused and she identified the abuser. Cunio did not name the abuser identified by C.C.

Kristi Wiggins, a sexual assault nurse examiner, testified that she obtained DNA samples during an exam of C.C. Detective Jennifer Stockwell with the Smith County Sheriff's Department testified that DNA results matched Appellant, not C.C.'s stepfather. Chau Nguyen, a forensic analyst, testified that Appellant's DNA matched that of sperm cells found on C.C.'s swabs. The DNA from epithelial cells found on the swabs was a mixture from Appellant and C.C. Melissa Haas, the DNA section manager for the Texas Department of Public Safety's crime laboratory, testified that new protocols were implemented after Nguyen's analysis. Under the new protocols, Appellant was the major contributor of DNA from the sperm cells.

Appellant testified that, shortly before Wiggins's examination, C.C. and her brother spent the night at his home. During the night, he awoke from a sexual dream about his former

girlfriend, and found an unclothed C.C. on top of him. He pushed C.C. away. He testified that he ejaculated during his dream, and that he and C.C. were both wet. He took C.C. to the restroom, wiped her with his bath towel, placed her on the toilet, handed her some clean toilet paper, and left the restroom. When he returned, C.C. was stuffing toilet paper inside her vagina. He told her, "I'm not going to tell on you. Please, we're not going to say anything because this is not right." He did not know whether he had contact with C.C.'s sexual organ or penetrated C.C. that night, but he denied intentionally or knowingly touching or penetrating C.C. He testified that he did nothing wrong, did not have sexual intercourse with C.C., and did not place his penis inside C.C.'s vagina.

Wiggins's examination confirmed that C.C had placed toilet paper inside her vagina. Wiggins testified that DNA remains on a person's body for up to seventy-two hours and it might be possible for semen to be transferred from the paper to C.C. Nguyen testified that DNA can be transferred from one place to another, but she believed it unlikely that DNA could be transferred from a tissue inserted inside the body.

After the close of evidence, Appellant moved for a directed verdict on grounds that the State failed to prove penetration. The trial court denied the motion. The jury found Appellant guilty of aggravated sexual assault of a child and assessed punishment of imprisonment for life.

## LEGAL SUFFICIENCY

In his first issue, Appellant contends that the evidence is legally insufficient to support his conviction because the State failed to present evidence of penetration. In his second issue, Appellant challenges the denial of his motion for directed verdict. We address these issues together.

### Standard of Review

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct

3

evidence in establishing the accused's guilt. *Id*. We treat a complaint regarding the denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

**Analysis**

The trial court's charge instructed the jury to find Appellant guilty if it determined, beyond a reasonable doubt, that he intentionally or knowingly caused the contact or penetration of C.C.'s female sexual organ by his sexual organ. *See* TEX. PENAL CODE. ANN. § 22.021(a)(1)(B)(iii) (West Supp. 2016). The jury heard evidence that (1) C.C. told her foster parent that Appellant placed his "private" inside her "private" and it hurt; (2) C.C. told her counselor that Appellant put his "private all the way inside me;" (3) C.C.'s counselor believed that C.C.'s behavior indicated that she experienced something and did not merely observe something; (4) a psychologist testified that C.C.'s condition was consistent with sexual abuse; (5) C.C. told a Children's Advocacy Center forensic interviewer that she had been abused and was able to identify her abuser; (6) during a conversation with her foster parent, C.C. used hand motions indicating that Appellant had penetrated her; (7) Appellant's DNA matched sperm cells found on C.C.'s anal and vaginal swabs; (8) C.C. complained of her "tutu" hurting; and (9) a forensic DNA analyst did not believe it likely that DNA could be transferred into a person by a tissue inserted inside the body. Additionally, the jury heard Appellant's testimony regarding the incident that occurred approximately two days before Wiggins's exam, including his inability to definitively say whether he penetrated C.C.'s vagina.

Based on this evidence, as sole judges of the weight and credibility of the evidence, the jury could reasonably conclude that Appellant's contact with C.C.'s female sexual organ was more intrusive than mere contact with her outer vaginal lips. *See Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012); *see also Brooks*, 323 S.W.3d at 899; *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (stating that penetration may be proved by circumstantial evidence and proof of the slightest penetration is sufficient). Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding Appellant guilty of aggravated sexual assault of a child, beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. Because the evidence is legally sufficient to support Appellant's conviction, the trial court properly denied his motion for directed verdict. *See Williams*, 937 S.W.2d at 482. We overrule Appellant's first and second issues.

In his third issue, Appellant contends that the trial court erred by denying his request to instruct the jury on the lesser-included offense of indecency with a child by contact. He contends that he was entitled to the charge based on evidence that (1) he was asleep, C.C. climbed on top of him, and he ejaculated while clothed; (2) witnesses testified that C.C. acted out sexually; and (3) C.C. had been exposed to pornography.

## Standard of Review and Applicable Law

We review the trial court's denial of a lesser-included offense instruction for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). Upon the defendant's request, the trial court must include a lesser-included offense instruction in the jury charge when (1) the requested charge is for a lesser-included offense of the charged offense; and (2) there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). When determining whether the trial court properly denied a request for a lesser-included offense instruction, we review all of the evidence presented at trial. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993).

## Facts

At trial, defense counsel requested a lesser-included offense instruction on indecency with a child by contact. She argued that Appellant's testimony that there was no intentional or knowing penetration could lead the jury to conclude that contact, not penetration, had occurred. Counsel further argued that C.C.'s vaginal swabs were not labeled and all were not tested, so the record failed to show from which part of C.C.'s body the swabs were taken. Additionally, counsel maintained that the psychologist's testimony established that C.C. could not be relied upon to provide accurate information regarding who did what or when. The trial court denied Appellant's request for the lesser-included instruction.

## Analysis

Both parties agree that indecency with a child is a lesser-included offense of aggravated sexual assault of a child as alleged in this case. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). Accordingly, we focus our analysis on the second element, which requires us to determine if there is some evidence that would support a rational finding that Appellant is guilty only of indecency with a child and not aggravated sexual assault of a child. *See Guzman*,

188 S.W.3d at 188-89. The evidence must show that the lesser-included offense is a valid, rational alternative to the charged offense. *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).

Appellant testified that he did nothing wrong, did not act intentionally or knowingly, did not have sexual intercourse with C.C., and did not penetrate her vagina. "A defendant's own testimony that he committed no offense or testimony that otherwise shows no other offense occurred at all is not adequate to raise the issue of a lesser included offense." *Cahvarriga v. State*, 156 S.W.3d 642, 648 (Tex. App.—Tyler 2004, pet. ref'd). Moreover, the evidence does not demonstrate that if Appellant is guilty, he is guilty only of indecency with a child by contact. *See Guzman*, 188 S.W.3d at 188-89. As previously discussed, the record contains evidence demonstrating that Appellant penetrated C.C.'s sexual organ with his own sexual organ. The evidence to which Appellant cites does not refute evidence of aggravated sexual assault. The evidence is not such that a rational jury could acquit Appellant of aggravated sexual assault while convicting him of indecency with a child by contact. *See Segundo*, 270 S.W.3d at 91.

Under these circumstances, the trial court did not abuse its discretion by denying Appellant's request for a lesser-included offense instruction on indecency with a child by contact. *See id*., *see also Threadgill*, 146 S.W.3d at 666. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-15-00291-CR**

**DANIEL LEE REED,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0833-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*