**Affirmed and Memorandum Opinion filed November 16, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00436-CR

**KENNETH ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1560524**

### MEMORANDUM OPINION

Appellant Kenneth Allen appeals his conviction for sexual assault. *See* Tex. Penal Code Ann. § 22.011. In his sole issue, appellant argues the evidence of penetration is legally insufficient to support his conviction. We affirm.

### I. BACKGROUND

After a night of socializing with a group of friends for Cinco de Mayo at

several bars in midtown Houston, the complainant,[1] Y.D., awoke around 8:00 a.m. on May 6, 2015, half-naked in a motel called the Palace Inn with no memory of arriving there. She was alone in the room, and an employee was knocking on the door to tell her she needed to leave. Y.D. felt "super wet down there" and like she had "residue" inside her. Her instant reaction was, "I'm going to go to the hospital." Y.D. found her pants and underwear stuffed beneath a sofa, but her shoes, keys, wallet, and cell phone were gone. After walking to the motel office, the motel staff would tell her nothing about who had brought her to the motel. Devastated and crying, and receiving little help from the motel staff, she called her friend Monica from the motel office. Monica arrived at the Palace Inn, which she described as a "dirty motel" in a "bad environment." She found Y.D. outside and barefoot, and she drove the crying Y.D. immediately to the hospital.

When she went to the hospital, Y.D. was given a sexual assault examination. During the examination, swabs of her vagina and fingernail scrapings were taken for DNA testing. After the case was inactive for a period, police obtained a warrant for buccal swabs and DNA testing from appellant.

Police also obtained guest registration records from the Palace Inn, which showed that appellant had checked into the motel with his driver's license at 2:28 a.m. and checked out at 4:28 a.m. on May 6, 2015. Just hours later, at 7:07 a.m., appellant sold Y.D.'s cell phone at an "ecoATM" kiosk. During a transaction, the ecoATM requires a fingerprint and takes a photograph of the person selling the cell phone. Thus, appellant's identity was documented while he sold Y.D.'s cell phone. The ecoATM also photographed Y.D.'s cell phone with the screensaver turned on.

---

[1] To protect the complainant''s identity, we refer to her by the initials "Y.D." *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

The screensaver was a photograph of Y.D.'s young niece, which helped Y.D. confirm that it was her cell phone that appellant sold. Separately, Y.D. picked appellant in a photographic line up. She explained to the police officer who presented the line up to her that she recognized appellant as the person who purchased drinks for her before the sexual assault.

## II. LEGAL SUFFICIENCY

### A. STANDARD OF REVIEW AND APPLICABLE LAW

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theory of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. In a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In our analysis, we defer to the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). When the record contains conflicting inferences, we presume that the trier of fact resolved any such conflicts in favor of the prosecution, and we must defer to that resolution. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

A hypothetically correct jury charge would instruct the jury to find appellant

guilty if he (1) intentionally or knowingly (2) caused the penetration of complainant's sexual organ (3) by placing his male sexual organ in the complainant's sexual organ and (4) without the complainant's consent. *See* Tex. Penal Code Ann. § 22.011(a)(1)(A).

## B.    ANALYSIS

Appellant argues that the evidence is legally insufficient to support his conviction because there was insufficient evidence that his male sexual organ penetrated Y.D.'s sexual organ. Penetration is not defined in the penal code and is thus interpreted according to its common usage. *Green v. State*, 476 S.W.3d 440, 47 (Tex. Crim. App. 2015). It is well established that within the context of sexual assault "penetration" of the female sexual organ occurs when there is "tactile contact beneath the fold of complainant's external genitalia." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012). Penetration may be proved by circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990). Moreover, there is no requirement that the complainant be able to testify as to penetration. *Id.*

Y.D. testified that she did not remember most of the night before the sexual assault. She could recall the first bar she visited, but not the others, and she did not remember leaving the last bar or going to a motel. Instead, her last memories of the night were going to the restroom at a bar and feeling "dizzy," "woozy" and "psychedelic," unlike her previous experience in drinking alcohol. The nurse's notes during Y.D.'s sexual assault examination at the hospital noted similar responses in Y.D.'s patient history: "woke naked, unsure if sexually assaulted"; "unsure if was drugged, only had a few drinks"; and did not recall whether penetration and ejaculation had occurred.

Although Y.D. could not recall events at the motel, she testified that she

4

woke to feeling "super wet down there" and that she had "residue," specifically semen, in her body. The results of DNA testing were consistent with this testimony. In the sexual assault examination of Y.D., four vaginal swabs, four oral swabs, two salvia swabs, head combing, fingernail scrapings, and Y.D.'s clothing were collected. The vaginal swabs and fingernail swabs were tested, and male DNA was found on them. The sperm fraction was then separated from the epithelial fraction from these swabs. The DNA from appellant's buccal swab was compared against the DNA profiles of both the sperm fraction and epithelial fraction generated from testing of the vaginal and fingernail swabs. Appellant could not be excluded as the possible contributor for the sperm fraction. The probability that a randomly chosen individual would be included as a possible contributor was one in ten quintillion for African Americans, one on seventy-one quintillion for Caucasians, and one in 210 quintillion for both Hispanics and Asians. Y.D.'s DNA was consistent as the contributor for the epithelial fraction of the vaginal and fingernail swabs, while appellant was excluded. The jury could have reasonably inferred from the presence of semen fraction on the vaginal swab, along with the testimony and report about DNA test results, that appellant's semen was in Y.D.'s vagina. Presence of semen in the complainant's vagina is evidence of penetration. *See Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); *Vera v. State*, 709 S.W.2d 681, 683 (Tex. App.—San Antonio 1986, pet. ref'd). Because the DNA evidence constitutes legally sufficient evidence of penetration, we overrule appellant's sole issue.

### III. CONCLUSION

Having overruled appellant's issue, we affirm the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.

Do not publish — TEX. R. APP. P. 47.2(b).